UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO A. MICHALSKI and PATRICK S. CAMERA,<br>    Plaintiffs,<br><br>v.<br><br>SCOTT SEMPLE, MONICA RINALDI, et. al,<br>    Defendants. | No. 16-cv-2039 (VAB) |

## ORDER ON MOTION TO ENJOIN INTERFERENCE WITH LEGAL MAIL

Marco A. Michalski and Patrick S. Camera ("Plaintiffs") bring this action *pro se* against Commissioner Scott Semple, Assistant Deputy Commissioner Monica Rinaldi, Warden Scott Erfe, Deputy Warden Richard Laffargue, Reverend Anthony Bruno, Imam Shamma, Unit Manager Valeriano, Captain Torres, Captain Bailey, Correction Officer Williams, Correction Officer Mataos, Correction Officer Milio, Correction Officer Yaharey, Correction Officer St. John, Correction Officer Tello, Correction Officer Edwards, Correction Officer Sterno, Correction Officer Lawler, Correction Officer Viska, Correction Officer Robinson, Correction Officer "John Doe," Correction Officer King, Correction Officer Buckland, Correction Officer Little, Correction Officer Rowald, Correction Officer Ellis, Correction Officer Whitehead, Correction Officer Lopes, and Correction Officer Salgado (collectively, "Defendants").

Pending before the Court is Mr. Michalski's letter raising complaints regarding the electronic filing procedures at Cheshire Correctional Facility ("Cheshire"), which the Court construes as a motion to enjoin interference with Mr. Michalski's legal mail. ECF No. 11. For the reasons that follow, the Court **DENIES** Mr. Michalski's motion without prejudice.

1

Mr. Michalski's letter raises several allegations that proper electronic filing procedures are not being properly followed at Cheshire. Specifically, he makes several allegations against "FOI Liaison Officer McMahon," who does not appear to be named among the Defendants in this case. *See* Motion at 1, ECF No. 11. Mr. Michalski alleges, among other things, that Liaison Officer McMahon redacts the notices of electronic filing before providing them to inmates; that she provides copies of legal documents to other prison officials, including those who are named as Defendants; and he further alleges that these and other practices at Cheshire are against proper electronic filing policy and procedure. *Id.* at 1-2. Mr. Michalski also alleges that, because of Liaison Officer McMahon's actions, the Department of Correction will have "the upper hand and a head start in destroying evidence or covering up actions." *Id.* at 2. Mr. Michalski's letter requests various forms of relief, including information regarding whether these practices at Cheshire are in fact against policy. *Id.* at 2-3. There is no accompanying memorandum of law in support of the requests in Mr. Michalski's letter.

To the extent that Mr. Michalski's letter is a motion to enjoin interference with Mr. Michalski's legal mail, the Court construes it as a motion requesting a Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65(b). *See* Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."). "It is well established in this Circuit that the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). "A party seeking a preliminary injunction

must demonstrate (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even taking into account Mr. Michalski's *pro se* status and liberally construing his filing, without much more in support of his claim, his motion fails to make the required showing for the Court to impose the extraordinary remedy of a Temporary Restraining Order based on his motion, ECF No. 11.

Mr. Michalski's letter also requests that the Court "inform me if there [sic] are any violations to the electronic filing procedures" at Cheshire based on the allegations in his letter and inform him about "how to go about filing a complaint (informal or formal) about it." Motion at 2. He further requests clarification regarding whether the complaint is in the public record. *Id.* at 3. The Court cannot provide litigants with legal advice.

Mr. Michalski's letter further requests that the Court provide him with a copy of the docket sheet for this case, which the Court construes as a motion for a free photocopy of the docket sheet. Parties do not have a constitutional right to free photocopies, *see, e.g.*, *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y.2006) ("As an initial matter, as some courts in this Circuit have concluded, an inmate has no constitutional right to free copies." (internal citations omitted)), and Mr. Michalski's *in forma pauperis* status also does not entitle him to free copies of documents in the court's file. *See, e.g., Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir.1994) (explaining that 28 U.S.C. § 1915 does not include right to free copy of any document in record

3

and that a court may constitutionally require indigent plaintiff to demonstrate need for free copy) (Table), *cert. denied*, 514 U.S. 1118 (1995); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir.1964) (state that 28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

To the extent that Mr. Michalski requests a free copy of the docket sheet in this case, that motion is denied without prejudice. He may contact the Clerk of the Court to determine the cost of the copy and, if he cannot pay the required fee, he may file a motion explaining his need for the particular documents requested and attach evidence demonstrating his lack of funds. *See Damato v. Murphy*, No. 3:08-CV-855 (SRU) (WIG), 2009 WL 581562, at *1-2 (D. Conn. Mar. 5, 2009) (requiring pro se plaintiff to either pay the fee for copies or show need to receive free copies).

For the foregoing reasons, The Court **DENIES** Mr. Michalski's motion, ECF No. 11, without prejudice.

SO ORDERED at Bridgeport, Connecticut, this 6th of June, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge