UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO A. MICHALSKI,<br>    Plaintiff,<br><br>v.<br><br>SCOTT SEMPLE, et al.,<br>    Defendants. | No. 3:16-cv-2039 (VAB) |

**RULINGS ON MOTION TO AMEND COMPLAINT AND
MOTION FOR DEFAULT ENTRY**

On December 13, 2016, Marco A. Michalski ("Plaintiff" or "Michalski"), an inmate confined at Cheshire Correctional Institution ("Cheshire"), *pro se* filed a Complaint under 28 U.S.C. § 1983 against several employees ("Defendants") of the Connecticut Department of Correction ("DOC") for violating his rights guaranteed under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Compl. (ECF No. 1). Mr. Michalski then amended the Complaint, making the Amended Complaint the operative complaint.

Now Mr. Michalski has moved to amend the Amended Complaint. ECF No. 41. He has also moved for default against certain Defendants. ECF No. 43.

For the following reasons, the Court **GRANTS** Mr. Michalski's motion to amend and accepts the Second Amended Complaint and the addition of Deputy Warden Hannah and Correction Officer Cardona. The Court **DISMISSES** the Eighth Amendment claim against Defendants Erfe and Hannah. As shown below, the Court finds that plaintiff has stated plausible claims under the First Amendment Free Exercise Clause and RLUIPA against Erfe, Hannah, and Cardona.

The Court **DISMISSES** all claims against Defendants Mataos, Sterno, Lawler and

Williams.

The Court **DENIES**, without prejudice, Mr. Michalski's motion for entry of default against all remaining defendants.

I.   **PROCEDURAL BACKGROUND**

On October 6, 2017, this Court issued an Initial Review Order dismissing Mr. Mitchalski's Fifth, Eighth, and First Amendment retaliation claims as stated in the Amended Complaint. Initial Review Order at 2, ECF No. 23. The Court allowed Plaintiff's First Amendment Free Exercise and Establishment Clause claims and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim to proceed against twenty-three defendants: Semple, Rinaldi, Bruno, Shamma, Erfe, Laffargue, Valeriano, Williams, Mataos, Milio, Yaharey, St. John, Tello, Ellis, Edwards, Sterno, Lawler, Viska, Robinson, Lopes, King, Buckland, and Whitehead. *Id.* The Court also permitted Mr. Michalski's Fourteenth Amendment Equal Protection Clause claims to proceed against defendants Semple, Rinaldi, Bruno, Shamma, Erfe, and Laffargue. *Id.*

The Clerk of the Court thereafter informed the Court that it was unable to effect service on Defendants Mataos, Sterno, Lawler, and Williams. *See* Order, ECF No. 28. The Court, therefore, directed Mr. Michalski to file a notice with the full names and mailing addresses of those four Defendants. *Id.* The remaining Defendants submitted waivers of service packets, and their responses to the Amended Complaint came due on December 23, 2017. *See* ECF No. 38. Those Defendants have not yet submitted their responses.

On December 27, 2017, Mr. Michalski filed this motion to amend the Amended Complaint (ECF No. 42). Because he was unable to obtain more information on Defendants

2

Mataos, Sterno, Lawler, and Williams, Mr. Michalski seeks to remove those Defendants from the case. Mot. to Amend Compl. at 1. He also attached a Second Amended Complaint, adding two new defendants: Deputy Warden Hannah and Correction Officer Cardona and one more claim of deliberate indifference to safety, in violation of the Eighth Amendment, against Defendants Erfe and Hannah. *See id.* at ¶¶ 173, 178.

Plaintiff also filed a motion for an entry of default against defendants Semple, Rinaldi, Bruno, Shamma, Erfe, Laffargue, Valeriano, Milio, Yaharey, St. John, Tello, Ellis, Edwards, Viska, Robinson, Lopes, King, Buckland, and Whitehead for their failure to respond to the first amended complaint. Mot. for Entry of Def. ECF No. 43.

## II. MOTION TO AMEND

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (i.e. answer or motion to dismiss), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B); *O'dell v. Bill*, 13 Civ. 1275 (FJS/TWD), 2015 WL 710544, *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, the plaintiff may amend the complaint only with leave from the Court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that permission to amend a complaint "shall be freely given when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants.

3

A *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives *any* indication that a valid claim *might* be stated." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (emphasis in original; internal quotations omitted).

The decision whether to grant leave to amend a complaint is within the Court's sound discretion. *See Foman*, 371 U.S. at 182. "The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad faith." *Independence Ins. Serv. Corp. v. Hartford Fin. Services Grp, Inc.*, 04 Civ. 1512 (JCH), 2005 WL 1038991, *4 (D. Conn. May 3, 2005) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). In determining what constitutes prejudice, the Court considers whether the amendment would (1) require the defendant to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Id.* at *5 (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).

Here, more than twenty-one days have passed since the service of Mr. Michalski first amended complaint (ECF No. 16-1). The Clerk of the Court effected service of the Amended Complaint on October 24, 2017; *see* ECF No. 27; and Mr. Michalski filed this motion to amend the Amended Complaint on December 27, 2017. Thus, Mr. Michalski is no longer entitled to amend as a matter of right under Rule 15(a). Because Defendants have yet to submit their responsive pleadings, however, the Court, in the interests of justice, will grant Mr. Michalski's motion to amend and accept the Second Amended Complaint (ECF No. 42).

## III. STANDARD OF REVIEW

When reviewing a prisoner's civil complaint, the Court must dismiss any portion that is frivolous or malicious or that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### A. DEFENDANT CARDONA

The Second Amended Complaint makes several factual allegations against Mr. Cardona, which are similar to those made against Defendants Milio, Yaharey, Tello, Edwards, Robinson, Viska, Ellis, King, and Buckland in the First Amended Complaint. Mr. Michalski alleges that, on two occasions in December 2017, Mr. Cardona disregarded smudge[1] call and refused to let Mr. Michalski exit his cell to practice smudging. *See* Second Am. Compl. ¶¶ 139–41. When Mr. Michalski yelled to Mr. Cardona that he needed to exit his cell for smudge call, Mr. Cardona

---

[1] As stated in the Initial Review Order, "smudging" is a purifying or cleansing technique central to the Native American religion which consists of burning sacred plants and communal prayer.

allegedly screamed profanities and threats at Mr. Michalski, removed the smudge sign from his cell door, and told him to "complain about it in federal court." *Id.* at ¶ 145.

This Court permitted Mr. Michalski's First Amendment Free Exercise and Establishment Clause claims and RLUIPA claim to proceed against Defendants Milio, Yaharey, Tello, Edwards, Robinson, Viska, Ellis, King, and Buckland based on similar factual allegations. For example, Mr. Michalski alleged that in August and September of 2016, Defendant Tello allegedly disregarded smudge call and directed "racist comments" at Mr. Michalski when Mr. Michalski inquired about smudging. *See* Initial Review Order at 5. Because the Court permitted Mr. Michalski's First Amendment and RLUIPA claims to proceed against other defendants based on similar factual allegations, it will permit him to add Cardona as a defendant to this action and allow his First Amendment Free Exercise and Establishment Clause claims to proceed against Cardona in his individual capacity for monetary relief and in his official capacity for declaratory and injunctive relief. Mr. Michalski's RLUIPA claim may proceed against Cardona in his official capacity for injunctive relief.

      B.      **DEFENDANTS ERFE AND HANNAH**

Mr. Michalski seeks to add an Eighth Amendment claim in his Second Amended Complaint against Defendant Erfe and a new Defendant, Deputy Warden Hannah. Mr. Michalski claims that their refusal to provide adequate winter clothing for Mr. Michalski while he practiced smudging outdoors during the winter months constitutes deliberate indifference to his safety.

According to Mr. Michalski, staff at Cheshire issue winter jackets to inmates who work at one of the "outbuildings" on the prison campus. Second Am. Compl. ¶ 119. Native American inmates who practice smudging for up to twenty minutes outdoors, including Mr. Michalski,

6

however, are allegedly often left without such attire and are forced to remain outdoors during smudging, wearing only their prison uniform and any additional clothing available for purchase through commissary. *Id.* at ¶ 120. On November 11, 2016, Mr. Michalski allegedly wrote a request to Mr. Hannah that he be provided with a jacket to wear outdoors during smudging, but Mr. Hannah denied his request. *Id.* at ¶ 121. Mr. Michalski maintains that he responded with a grievance, which Mr. Erfe allegedly denied. *Id.* at ¶ 122. Mr. Michalski allegedly was never issued winter clothing and was forced to smudge outdoors in the cold winter months wearing only a thin thermal shirt and his prison uniform. *Id.* at ¶ 123. As a result, Mr. Michalski allegedly became ill several times over the winter of 2016 and 2017. *Id.* at ¶ 124.

On March 6, 2017, Mr. Michalski allegedly wrote another inmate request to his unit manager complaining that he had become ill several times because of the deprivation of winter clothing. Second Am. Compl. ¶ 125. Despite several complaints, Mr. Michalski asserts that he was never provided with a winter jacket or hat for smudging outdoors. *Id.* at ¶ 126. In November 2017, with winter approaching again, Mr. Michalski allegedly spoke with Mr. Hannah about the issue. *Id.* at ¶ 128. Mr. Hannah again denied Mr. Michalski's request for winter attire, allegedly stating that there was not enough jackets for all of the Native American inmates. *Id.* Mr. Michalski claims that he informed Mr. Hannah that there were only five inmates who smudge every day, but Mr. Hannah again refused to provide any winter attire. *Id.* Mr. Michalski allegedly requested to purchase a winter jacket and hat through commissary or, alternatively, transfer to another facility that could provide such attire, but neither request was honored. *Id.* Mr. Michalski maintains that Mr. Hannah's and Mr. Erfe's refusal to provide him with adequate winter clothing while smudging outdoors places him at risk of becoming ill with the flu or pneumonia. *Id.* at ¶

7

131. He is, therefore, allegedly forced to choose between practicing his religion while risking his health or staying indoors without being able to practice his religion. *See id.* at ¶ 129.

To state a claim for deliberate indifference to safety, in violation of the Eighth Amendment, plaintiff must show that the alleged conduct was sufficiently serious and that defendants acted with a sufficiently culpable state of mind, that is, that they acted maliciously and sadistically to cause harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Defendants must have been aware that plaintiff faced an excessive risk to his health and safety and ignored that risk. *See id.* at 837. To determine whether plaintiff faced an excessive risk of serious harm, the Court "look[s] at the facts and circumstances of which [defendants] w[ere] aware at the time [they] acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). *See Tafari v. McCarthy*, 714 F. Supp. 2d 317, 358 (N.D.N.Y. 2010) (finding no Eighth Amendment violation where prisoner was "on many occasions" exposed to "below zero weather for an hour at a time during recreation period") (citations omitted; internal quotations omitted).

In this case, Mr. Michalski cannot state a deliberate indifference claim against Mt. Erfe or Mr. Hannah because neither forced him to go outside in the cold for extended periods of time. *Koehl v. Bernstein*, 10 Civ. 3808 (SHS) (GWG), 2011 WL 2436817, *18 (S.D.N.Y. Jun. 17, 2011) (stating that prisoner's Eighth Amendment deliberate indifference claim cannot survive because plaintiff had mechanism to stay warm in winter by staying indoors and any time he chose to spend outdoors was not prolonged); *cf. Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) ("[I]t is well settled that exposing prisoners to extreme temperatures without adequate ventilation may violate the Eighth Amendment."); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d

Cir. 2001) ("We have held that an Eighth Amendment claim may be established by proof that the inmate was subjected for a prolonged period to bitter cold."); *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (claims that inmate was exposed to subfreezing temperatures for three months with ice forming in toilet bowl were sufficient to raise issues of fact for jury, even where prison officials gave inmate extra blanket). Because Mr. Michalski has not alleged that Defendants forced him to remain outdoors and that his time outdoors lasted no more than twenty minutes, his Eighth Amendment claim cannot proceed against either Mr. Erfe or Mr. Hannah.

Mr. Michalski's claim against Erfe and Hannah is better construed as one under the First Amendment Free Exercise Clause and the RLUIPA because he alleges that he was essentially forced to choose between practicing his Native American religion through smudging outdoors without adequate winter clothing or remain indoors without smudging. Essentially, he is arguing that Mr. Erfe and Mr. Hannah substantially burdened his ability to practice his religion, which requires smudging outdoors for brief periods of time.

"Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003). The Free Exercise Clause requires that government officials respect, and avoid interference with, the religious beliefs and practices of the people. *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Ford*, 352 F.3d at 588 (internal quotation marks omitted). Therefore, a prisoner's free exercise claim is "judged under a 'reasonableness' test less restrictive than that ordinarily applied to

alleged infringements of fundamental constitutional rights." *Id*. (internal quotation marks omitted). A challenged government action "passes constitutional muster if it is reasonably related to legitimate penological interests." *Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (internal quotation marks omitted).

In *Salahuddin*, the Second Circuit held that, to state a Free Exercise Clause claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burden[ed] his sincerely held religious beliefs." *Salahuddin*, 467 F.3d at 274-75. In evaluating whether the prisoner has made that showing, this Court does not "evaluate the objective reasonableness of the prisoner's belief . . . ." *Ford*, 352 F.3d at 590. Rather, the Court's "scrutiny extends only to whether [the prisoner] sincerely holds a particular belief and whether the belief is religious in nature." *Id.* (internal quotation marks omitted). More recently, however, the Second Circuit expressed doubt as to whether the prisoner must make this threshold showing. *See Holland v. Goord*, 758 F.3d 215, 220 (2d Cir. 2014) ("It has not been decided in this Circuit whether, to state a claim under the First Amendment's Free Exercise Clause, a prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs.") (internal quotation marks omitted); *see also Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003) (declining to apply substantial burden test). If the prisoner states a plausible free exercise claim, defendants then bear the limited burden of showing that the challenged conduct is reasonably related to legitimate penological interests. *Salahuddin*, 467 F.3d at 275; *Turner v. Safley*, 482 U.S. 78, 89 (1987). "[T]he burden remains with the prisoner to show that these [articulated] concerns were irrational." *Id.* (internal quotation marks omitted).

10

The RLUIPA prohibits a state or local government from taking any action that substantially burdens the religious exercise of a prisoner unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1; *Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015). Congress enacted RLUIPA to provide greater protection for religious exercise than is available under the Free Exercise Clause of the First Amendment. *Holt*, 135 S. Ct. at 859-60; *Holland*, 758 F.3d at 224 (stating that the RLUIPA provides more stringent standard than First Amendment).

"A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). The Second Circuit, however, has held that RLUIPA "does not authorize monetary damages against state officers in either their official or individual capacities." *Holland*, 758 F.3d at 224; *Washington v. Gonyea*, 731 F.3d 143, 144 (2d Cir. 2013). Thus, a plaintiff may only obtain injunctive relief as a remedy for a RLUIPA violation.

In this case, Mr. Michalski has sufficiently alleged that Mr. Erfe and Mr. Hannah have substantially burdened his Native American religion by allegedly refusing to provide adequate winter clothing during smudging times. Mr. Michalski alleges that the failure to provide him with such clothing has exposed him to dangerous conditions, which have affected his health, and therefore, he has been forced to choose between risking his health and relinquishing his religious practice. *See Sherbert v. Verner*, 374 U.S. 398, 404 (1963) (finding substantial burden where an individual is forced to choose between following precepts of religion and forfeiting benefits and abandoning precept of religion); *Abdur-Raqiyb v. Erie Cty. Med. Ctr.*, 536 F. Supp. 2d 299, 305 (W.D.N.Y. 2008) (holding that a substantial burden exists where follower is forced to choose

between following precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning precept of religion in order to receive benefit) (quoting *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007). These allegations are sufficient to permit First Amendment Free Exercise and Establishment Clause[2] claims and RLUIPA claims to proceed against Mr. Erfe and Mr. Hannah.

Thus, Mr. Michalski's First Amendment claims may proceed against Mr. Erfe and Mr. Hannah in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. Mr. Michalski's RLUIPA claim may proceed against both Defendants in their official capacities for injunctive relief only.

### C. MOTION FOR DEFAULT ENTRY

In addition to his Second Amended Complaint (ECF No. 42), Mr. Michalski has filed a motion for an entry of default against Defendants Semple, Rinaldi, Bruno, Shamma, Erfe, Laffargue, Valeriano, Milio, Yaharey, St. John, Tello, Ellis, Edwards, Viska, Robinson, Lopes, King, Buckland, and Whitehead for their failure to timely respond to The First Amended Complaint. Mot. for Entry of Def., ECF No. 43.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The entry of default is therefore not discretionary." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.*

---

[2] As stated in its Initial Review Order, the Court will permit plaintiff's Establishment Clause claim to proceed for now and reassess it at a later stage of the case in light of its decision to permit the Free Exercise Clause claims to proceed. *See* Initial Review Order at 15 (citing *Rossi v. Fischer*, 13 Civ. 3167 (PKC), 2015 WL 769551, *11 (S.D.N.Y. Feb. 24, 2015) ("Where plaintiff has plausibly alleged a free exercise violation, the Court need not decide

*Moulton Masonry & Construction, LLC*, 779 F.3d 182, 186 (2d Cir. 2015). If, however, after a default has been entered against a defendant, a plaintiff files an amended complaint which becomes operative, the entry of default becomes moot. *See Gladstone v. Health Career Acad.*, 15 Civ. 517 (CSH), 2016 WL 81789, *2 (D. Conn. Jan. 7, 2016) (quoting *Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, *8 (E.D.N.Y. Mar. 5, 2014)). An amended complaint becomes the operative complaint when the plaintiff's motion to amend is granted. *Id.*

Because the Court has granted Mr. Michalski's motion to amend the First Amended Complaint and accepted his Second Amended Complaint, any entry of default against Defendants for their failure to plead would be rendered moot at this juncture. Therefore, Mr. Michalski's motion for entry of default is denied without prejudice subject to refiling in the event Defendants fail to respond to the Second Amended Complaint.

## IV. CONCLUSION

Mr. Michalski's motion to amend the First Amended Complaint is **GRANTED**. The Court accepts the Second Amended Complaint as the operative compliant.

The Clerk of the Court is directed to remove Mataos, Sterno, Lawler and Williams as defendants to this action and add Deputy Warden Hannah and Correction Officer Cardona as defendants.

Mr. Michalski's First Amendment Free Exercise Clause and Establishment Clause claims may proceed against Defendants Semple, Rinaldo, Bruno, Shamma, Ere, Laffargue, Valeriano, Milio, Yaharey, St. John, Tello, Ellis, Edwards, Viska, Robinson, Lopes, King, Buckland, Whitehead, Hannah, and Cardona in their individual capacities for damages and in their official

---

at this time whether plaintiff also states a claim under the Establishment Clause . . .")).

13

capacities for declaratory and injunctive relief. The RLUIPA claims may proceed against those same defendants in their official capacities for injunctive relief only.

Mr. Michalski's Fourteenth Amendment Equal Protection Clause claims may proceed against Defendants Semple, Rinaldi, Bruno, Shamma, Erfe, and Laffargue in their individual capacities for damages and in their official capacities for declaratory and injunctive relief.

Mr. Michalski's Eighth Amendment claim as stated in the Second Amended Complaint is **DISMISSED**.

Within **twenty-one (21) days** of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Second Amended Complaint, ECF No. 42, the Initial Review Order, ECF No. 23, and this Order on Defendants Hannah and Cardona in their official capacities by delivering one copy of the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

The Clerk of the Court shall verify the current work addresses for Defendants Hannah and Cardona with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Second Amended Complaint, ECF No. 42, to both defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request on the **thirty-fifth (35) day** after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him or her, and the defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

All Defendants shall file their response to the Second Amended Complaint, either an answer or motion to dismiss, by **February 28, 2018**. If they choose to file an answer, they shall

admit or deny the allegations and respond to the cognizable claims recited in this Order and in the Court's Initial Review Order. ECF No. 23. They may also include any and all additional defenses permitted by the Federal Rules.

Mr. Michalski's motion for entry of default is **DENIED** without prejudice subject to renewal in the event Defendants fail to respond to the second amended complaint by **February 28, 2018**.

Discovery, under Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court. All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

**SO ORDERED** this 28th day of January 2018 at Bridgeport, Connecticut.

                                                 /s/ Victor A. Bolden
                                                VICTOR A. BOLDEN
                                                UNITED STATES DISTRICT JUDGE